# Exhibit A

ectronically FILED by Superior Court of California, County of Los Angeles on 08/31/2020 04:51 ... Sherri R. Carter, Executive Officer/Clerk of Court, by C. Ellison, Deputy Clerk

20VECV00967

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOT TOPIC, INC. DBA BOX LUNCH 4549 AND DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GABRIELA CABRERA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Van Nuys Courthouse East<br><br>6230 Sylmar Ave.<br>Van Nuys, CA 91401 | CASE NUMBER<br>*(Número del Caso)*<br><br>20VECV00967 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dayton Magallanes (SBN 240231);10366 Wilshire Blvd., Suite 303, Los Angeles, CA 90024; (310) 779-2348

| DATE:<br>*(Fecha)* 08/31/2020 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by C. Ellison  , Deputy<br>*(Secretario)*                  *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Hot Topic, Inc DBA Box Lunch 4549

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc. |
|---|---|---|

nically FILED by Superior Court of California, County of Los Angeles on 10/26/2020 02:44 PM
20VECV00967

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Huey Cotton

Dayton Magallanes (Bar No. 240231)
LAW OFFICES OF DAYTON MAGALLANES
10366 Wilshire Blvd, Suite 303
Los Angeles, CA  90024
Telephone: 310-779-2348
Email: daytonmagallanes@yahoo.com

Attorney for Plaintiff,
Gabriela Cabrera

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, VAN NUYS COURTHOUSE EAST

UNLIMITED JURISDICTION

| | |
|---|---|
| GABRIELA CABRERA, | Case No. |
| Plaintiff, | VERIFIED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF |
| v. | ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5 |
| HOT TOPIC, INC. DBA BOX LUNCH 4549 AND DOES 1-20, | |
| Defendants. | |

**FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS FOR**

**VIOLATION OF CIVIL CODE SECTION 51**

1. Plaintiff Gabriela Cabrera complains of Defendants Hot Topic, Inc. dba Box Lunch 4549;

and Does 1-20 ("Defendants"), sued pursuant to Code of Civil Procedure section 474, as

follows:

2. At all times mentioned herein, HOT TOPIC, INC. DBA BOX LUNXH 4549 and DOES

1-10 have been the operators of a retail store at 6600 Topanga Canyon Blvd., Suite 2068,

Canoga Park, CA 91303 as well as lessees of the building at said address.

1

Verified Complaint

3. At all times mentioned herein, DOES 11-20 have been the owners and lessors of the building at said address.

4. Plaintiff is a California resident with physical disabilities. She is afflicted with polio and cannot walk. She uses a wheelchair for mobility wherever she goes.

5. Plaintiff is informed and believes that each of the Defendants herein, including Does 1-20, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff may seek leave to amend if and when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 20, inclusive, are ascertained.

6. On or about June 14, 2020, the Plaintiff went to the retail store.

7. The retail store is a facility open to the public, a place of public accommodation, and a business establishment.

8. While patronizing said public accommodation, said Plaintiff personally encountered an architectural barrier within the facility in the form of a payment terminal.  Plaintiff wanted but was unable to use her debit card to pay for her purchase because the debit card machine was mounted too high above the floor and lacked proper signage indicating that the debit card machine could be dismounted and Plaintiff could not reach the debit card machine from her wheelchair, thereby preventing Plaintiff from her intended use of the public accommodation.

9. On or about June 14, 2020, the Plaintiff personally encountered this problem.

10. Plaintiff intended to use the public accommodation because she wanted to go shopping, just as any ambulatory patron would, but the architectural barriers actually denied her full

2

and equal access for Plaintiff's particular disabilities, causing her difficulty, discomfort, and embarrassment in the process.

11.   Plaintiff was in the geographic area of the Defendant's public accommodation because she was shopping.

12.   Plaintiff would like to return and patronize the retail store but will be deterred from visiting until the Defendants correct the violations. This deterrent is because of her knowledge of the illegal barriers that exist.

13.   Defendants fail and continue to fail to maintain in working and usable conditions the facilities, privileges, and advantages required to provide equal access to persons with disabilities.

14.   The violation listed above is easily removable without much difficulty or expense. It is the type of barrier identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove without much difficulty or expense. Furthermore, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not readily achievable.

15.   Please be advised that the Plaintiff seeks to have all barriers related to her disability remedied. See *Doran v 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Given the obvious and blatant violation, Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the

3

Verified Complaint

complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection.

16.   This complaint is filed on behalf of a high frequency litigant.  For the pertinent statutory period, 36 construction related accessibility claims have been filed.

17.   The foregoing constitutes a violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304(b).

18.   Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. Because the Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ Code § 51(f), 52(a).)

19.   Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, or embarrassment for the Plaintiff, the Defendants are each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

20.   Discrimination is defined as a failure to remove architectural barriers where such removal is readily achievable. U.S.C. § 12182(b)(2)(A)(iv).

21.   The foregoing constitutes a violation of 42 U.S.C. § 12182(b)(2)(A)(iv), 28 C.F.R. § 36.304(b)(18).

22.   In this instance, providing a debit card machine but placing it too high above the floor and not providing the proper signage that the machine can be dismounted is a violation of the law.

4

Verified Complaint

23. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities.

24. The failure by Defendant to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of the law.

25. Given its location and options, Plaintiff will continue to desire to return to the retail store but she has been and will continue to personally encounter discrimination due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE SECTION 54 AND 54.1

26. Each of the foregoing paragraphs is incorporated herein by reference.

### PRAYER

Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney's fees, litigation expenses and costs of suit, pursuant to Cal. Civ. Code § 52.

Dated: 8/27/2020                          LAW OFFICES OF DAYTON MAGALLANES

                                          By: _____
                                               Dayton Magallanes
                                               Attorney for Plaintiff,
                                               Gabriela Cabrera

      I declare under penalty of perjury under the laws of California that the foregoing is true

and correct.

Dated: 8/27/2020                          _____
                                               Gabriela Cabrera

Verified Complaint

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/31/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Ellison _____ Deputy |
|---|---|
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20VECV00967 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Huey P. Cotton | A | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/31/2020
　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Ellison _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.**
  Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association
Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
              (INSERT DATE)                          (INSERT DATE)

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: 

_____   ➤  _____
      (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)
Date:

_____   ➤  _____
      (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   iii.  Be filed within two (2) court days of receipt of the Request; and

   iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.



| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's Fee Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER